EDWARD EVERETT, Plaintiff, *v.* GEORGIE LILLIAN MORRISON, Sometimes Called GEORGIE LILLIAN EVERETT, Defendant.

*Marriage and divorce — the Massachusetts statute against marriages between parties under age is not extraterritorial.*

The Massachusetts statute (Pub. Stat. chap. 145, §§ 6 and 8) which prohibits marriages between parties under certain specified ages, without the consent of the parent or guardian, and which declares every marriage between parties under the age of consent void if the parties separate during nonage, and do not afterwards cohabit, has no relevancy to a marriage performed in another State between citizens of Massachusetts, and cannot affect a marriage which is good in the State in which it was performed.

A woman may not silently withhold her assent to a formal marriage and treat it as a good marriage subsequently, and then annul the marriage because it was not real and binding on her.

MOTION by the defendant for a reargument of an appeal taken by the plaintiff from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of Kings county on the 21st day of July, 1892, vacating a judgment annulling the marriage between the plaintiff and defendant, and permitting the defendant to come in and defend the action.

The action is for divorce. The plaintiff, on the defendant's failure to appear and answer, obtained a judgment annulling the marriage between them, on the ground that the defendant was, at the time of her marriage to the plaintiff, the wife of one Morrison. The defendant obtained an order vacating this judgment and permitting her to serve an answer, on the ground of a denial that she was ever legally married to Morrison. The plaintiff appealed from this order, and it was reversed by the General Term, where an opinion * was written by BARNARD, P. J.

-------

* The following is the opinion above referred to :

BARNARD, P. J.:

In the fall of 1884, the plaintiff was married to the defendant in Brooklyn by John Courtney, a justice of the peace. There had been illicit relations existing between the parties before the marriage. In April, 1888, the plaintiff obtained a decree of divorce from her on the ground that the defendant was, at the time of her marriage to the plaintiff, the wife of one William G. Morrison. After the decree the parties continued to live together as man and wife, but in a secretive way and in places more or less secluded. In 1891, the plaintiff abandoned the

The defendant thereupon applied for a reargument, upon the ground that the court seemed to have overlooked sections 6, 7 and 8 of chapter 145 of the Public Statutes of Massachusetts, which are as follows:

" Section 6. No magistrate or minister shall solemnize a marriage, when he has reasonable cause to suppose the male to be under the age of twenty-one years, or the female to be under the age of eighteen years, except with the consent of the parent or guardian having the custody of the minor, if there is any such parent or guardian in the commonwealth competent to act.

---

defendant, and she seeks to open the decree obtained by plaintiff and put in an answer. She avers that the former marriage with Morrison was sportively made in Rhode Island. That she afterwards lived with Morrison as his wife for a few months in the State of Massachusetts, because her father insisted that as she had gone through with the ceremony, she must live with her husband Morrison. Soon after the defendant left Morrison the plaintiff became acquainted with her and at once became attached to her, and in January, 1884, the intimacy became improper. Although the fact is disputed, I think it is fairly proven that the plaintiff knew of the Morrison (alleged) marriage and introduced the defendant to a lawyer in Rhode Island to annul the same. Proceedings were commenced to that end, but reached no result, and were subsequently discontinued. The defendant avers that the plaintiff obtained his divorce from her on the ground that her family would not acknowledge a marriage before a justice of the peace, and that he would have a public ceremonial marriage after he got his decree from this Justice Courtney's marriage. This fact the plaintiff denies and avers that the subsequent relations were mutually understood to be meretricious. Assuming that the plaintiff promised to remarry the defendant in a formal manner after the divorce, should the default be opened and the defendant be permitted to answer? This depends upon the merits stated in the proposed answer. Is the formal marriage with Morrison void under the evidence? The facts in respect thereto are undisputed. Morrison presented an approval marriage certificate to the defendant's father and mother in Massachusetts. The family acknowledged it. The parties lived for some six months together as man and wife; publicly and openly in sight of the world. The defendant left him because of ill-treatment and went back to her parents. The formal marriage in Providence is doubtful. No certificate was given the wife. No clergyman can or has been found. The common-law marriage in Massachusetts is proven abundantly, even if the certificate of the Rhode Island clergyman was deceptive and made to obtain the consent of her parents to her marriage with Morrison. The right of the plaintiff to the divorce seems clear, and it would not avail the defendant if she was induced by fraud to let a decree go against her by default if she in point of fact had no defense. (*Blank* v. *Blank*, 107 N. Y. 91.)

The order should be reversed, with costs and disbursements, and the motion denied, with costs.

" Section 7. Every marriage solemnized within this common-wealth, which is prohibited on account of consanguinity or infirmity between the parties or on account of either of them having a former wife or husband living, or when either party was insane or an idiot, shall be void without a decree or other legal process.

" Section 8. Every marriage solemnized when either party was under the age of consent, shall be similarly void, if the parties separate during such nonage, and do not afterwards cohabit (G. S. 107, Sec. 3 ; 1 Gray, 119)."

It was alleged that the defendant and Morrison, at the time of the alleged marriage between them (which was performed in the State of Rhode Island), were citizens and residents of the State of Massachusetts ; that the defendant was only sixteen years of age at the time of her marriage to Morrison, and that she ceased to live with him before she had attained the age of eighteen years, and did not live with him again after such age.

*George Zabriskie,* for the appellant.

*Ayres & Walker,* for the respondent.

BARNARD, P. J. :

The law of Massachusetts, cited by the defendant, has no relevancy. The defendant was married to Morrison by a ceremonial marriage performed by the Rev. Dr. Taylor in Rhode Island. The marriage was followed by cohabitation as husband and wife in Massachusetts. Such a marriage is good everywhere. If the ceremony had been performed in Massachusetts and been followed by cohabitation in that State, there is no law of Massachusetts which would treat the marriage as void. The case must be treated as if such was the fact. The formal marriage in Providence was binding in that State, and if good where it was performed, it was good elsewhere. The pretense that the defendant did not consent to the marriage in Rhode Island has no weight. It is not pretended that such fact was communicated to the clergyman who performed the ceremony. Morrison did not so understand it, for he demanded his wife of her parents by force of it ; and the fact that Mrs. Morrison yielded to the demand, concludes her. It cannot be accepted by the courts that a woman may silently withhold her assent to a formal marriage

and treat it as a good marriage subsequently, and annul the marriage because it was not real and binding on her.

The motion should be denied.

DYKMAN, J., concurred.

Motion denied, with ten dollars costs.